IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LARAMIE TYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 11-00660-KD-N |
| | ) | |
| JACK MILLER and GEORGE OGLESBY, | ) | |
| | ) | |
| Defendants/Third-Party plaintiffs., | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CROUNSE CORPORATION, and M/V GINGER MOLLER, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

REPORT AND RECOMMENDATION

This action is again before the undersigned Magistrate Judge on reconsideration of the motion to remand (docs. 13-14) filed by Jack Miller and George Oglesby, defendants and third party plaintiffs herein.[1] This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B).  Upon consideration of the

---

[1] Miller and Oglesby refer to the claims against Crounse Corporation and the M/V Ginger Moller as "cross claims" (doc. 1-1 at 11).  However, Crounse Corporation and the M/V Ginger Moller were not named parties at the time, and cross-claims may only be asserted against a "co-party." Fed.R.Civ.P. 13(g) ("A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action. . ."). The joinder of Crounse Corporation and the M/V Ginger Moller by Miller and Oglesby must be governed by either Fed.R.Civ.P. 14 (Third-Party Practice) unless and until Miller and Ogelsby seek leave to join Crounse and the M/V Ginger Moller under either Rules 19 (Required Joinder of Parties) or 20 (Permissive Joinder of Parties). (Doc. 12 at  n. 2).  Miller and Ogelsby have failed to address this issue.

motion, the third-party defendants' response in opposition (doc. 16), and all other pertinent portions of the record, it is recommended that the motion to remand be **granted.**

I.      Factual background and procedural history.

Laramie Tyson, plaintiff herein, filed suit against Jack Miller and George Oglesby, defendants herein, in the Circuit Court of Choctaw County, Alabama, on September 28, 2011. Tyson alleges, in sum, that, on October 24, 2010, Miller and Ogelsby were fueling up a 50 foot Gibson Cruiser on the Tombigbee and negligently caused an explosion destroying Tyson's nearby vessel. (Doc. 1-1 at pp. 1-2, ¶¶ 5-6). Tyson seeks compensatory damages. (*Id.* at p. 2, ¶ 6).

Subsequently, on October 24, 2011, Miller and Ogelsby filed, in the Circuit Court of Choctaw County, Alabama, an Answer to Tyson's complaint and therein asserted a claim against Crounse Corporation and the M/V Ginger Moller. Miller and Ogelsby specifically allege that on October 17, 2010, they "approached a blind curve on the ["Black Warrior River, near Tuscaloosa County, Alabama"] . . . where they encountered a barge, the Ginger Moller, operated by [Third-Party-]Defendant Crounse Corporation" (doc. 1-1 at pp. 11-12, ¶ 5) and that they "attempted to maneuver around the barge and pass on the Easty bank side, during which time [their vessel's] engine failed [and] the Giner Moller collided with [their] vessel on the starboard side" (*id.* at p. 12, ¶ 6). Miller and Oglesby contend that the damage sustained during this collision caused, in some unspecified way, the explosion one week later which damaged Tyson's vessel. (*Id.* at ¶¶ 10 and 17).

Crounse Corporation and the M/V Ginger Moller (collectively "Crounse") removed the entire action to this Court on November 23, 2011, "pursuant to 28 U.S.C. §§ 1333, 1332, 1441 and 1446" (doc. 1), and, on November 30, 2011, filed a motion to dismiss the claims asserted by Miller and Ogelsby (doc. 5). Although directed to respond to the Crounse motion to dismiss by December 12, 2011, (doc. 6) Miller and Ogelsby filed no such response. Instead, on December 20, 2011, Miller and Ogelsby filed a "motion to reconsider" (doc. 9) which asserted lack of proper notice of removal and requested "seven (7) days to file their motion to remand." Crounse responded (doc. 10) that the "Notice of Removal was [] served on Miller and Ogelsby via three different manners – U.S. Mail, the federal CM/ECF Pacer system, and the State Alacourt system – each on the day that the Notice of Removal was filed." Miller and Ogelsby admitted in their reply (doc. 11) that one of their attorneys did receive the electronic notice as alleged by Crounse but had been out of town at the time of the transmission.

Miller and Ogelsby were granted their request for an extension of time within which to file their motion to remand (doc. 12) and filed such motion on December 30, 2011 (docs. 13-14). Pursuant to the Order entered on January 3, 2012 (doc. 15), Crounse filed a response in opposition to remand on January 17, 2012 (doc. 16), arguing, in sum:

> Jurisdiction in this case should be exercised on three independent bases. First, the Court has complete diversity within the meaning of 28 U.S.C. § 1332. Second, the claim against the M/V Ginger Moller is in rem and may only be asserted in a federal court. Finally, this case falls within the federal courts admiralty jurisdiction and any procedural defects relating to the removal of the savings-to-suitors claims has been waived as outside § 1447(c)'s 30-day window to allege procedural defects.

(Doc. 12 at 2). Miller and Ogelsby declined the opportunity provided by the Court (doc. 15) to reply. The motion to remand is now ripe for adjudication.

## II. Standard of Review.

It is well established that federal courts "have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000), *citing* University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Subject matter jurisdiction cannot be created by the parties' consent but, instead, must be conferred and defined by statute. Morrison, 228 F.3d at 1261, *citing* Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985)(*per curiam*).

In the removal context, it is equally clear that jurisdiction will vest in this Court only if the action has been properly removed and "only if the action is one over which the federal court possesses subject-matter jurisdiction". *See e.g.* The Mobile Washington (MOWA) Band Of The Choctaw Indian Tribe v. Sunbelt Resources, Inc., 649 F.Supp.2d 1325, 1328 (S.D. Ala. 2009)("Removal statutes are construed narrowly, and jurisdictional uncertainties are resolved in favor of remand."), *citing* 28 U.S.C. § 1441(a); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim.").

"In a removal action, the party asserting jurisdiction has the burden of establishing proof of jurisdiction by a preponderance of the evidence." Wiltew v. Parker, 2009 WL 3615041, * 2 (S.D. Ala. Oct. 30, 2009)(emphasis added), *citing* McNutt v. General

Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178 (1936); Lowery v. Alabama Power Co., 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom* Hanna Steel Corp. v. Lowery, --- U.S. ----, 128 S.Ct. 2877 (2008). In a removal action, the burden is upon the defendant. *Id*., *citing* Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). *See also*, Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008) ("A removing defendant bears the burden of proving proper federal jurisdiction [and] doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court.") (citation omitted); Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005) ("[i]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists") (citation omitted). In addition, "[b]ecause removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand." Holloway v. Morrow, 2008 WL 401305, * 2 (S.D. Ala. Feb. 11, 2008), *citing* University of South Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (explaining that strict construction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction). *See also*, Russell Corp. v. American Home Assur, Co., 264 F.3d 1040, 1050 (11th Cir. 2001) ("Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."). "Thus, under § 1446(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff-be it the initial complaint or a later received paper-and determines whether that document

and the notice of removal unambiguously establish federal jurisdiction." Lowery, 483 F.3d at 1213.[2]

II.   Analysis.

As noted at the outset, this action was removed by Crounse Corporation and the M/V Ginger Moller, third party defendants who were brought into the action pursuant to the claims asserted by Miller and Ogelsby. Consequently, although not addressed by any party in this action, the first issue to be resolved by the Court is whether a third party defendant is authorized to remove an action to federal court.[3]

This issue has been addressed by this Court in MOWA, as follows:

> . . . The majority of courts addressing the question of whether a third-party defendant is a "defendant" within the meaning of the [removal] statute, and therefore entitled to initiate removal, have overwhelmingly concluded that such third party defendants are not defendants entitled to remove under § 1441(a). *See, e.g.*, First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 461 (6th Cir. 2002)("Having carefully considered the issue, we conclude that neither § 1441(a) nor § 1441(c) provides third-party defendants with the right to remove a case to federal court."); Penn v. Pierce, 2008 U.S. Dist. LEXIS 73890 (M.D. Ala. Sept. 25, 2008)("The better view, consistent with the principle that removal jurisdiction is to be strictly construed, is that

---

[2] Pub.L. No. 112–63 (H.R.394), know as "Federal Courts Jurisdiction and Venue Clarification Act of 2011" was signed into law on December 7, 2011. The Act "clarifies" certain venue, transfer, and jurisdiction provisions, including 28 U.S.C. § 1446(b). The Act's provisions, effective in actions commenced on or after January 7, 2012, do not apply to this case. Pub.L. No. 112–63, § 105.

[3] The removal statute, 28 U.S.C. § 1441, states, in relevant part:

> Except as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ***by the defendant or the defendants***, to the district court of the United States for the district and division embracing the place where such action in pending.

28 U.S.C. § 1441(a) (emphasis added).

third-party claims are not removable, because only a party defending against claims asserted by a plaintiff ought to be able to remove.") (*quoting* J. Moore, Moore's Federal Practice 3d § 107.11[1][b][iv], at 107-35); Moss Land and Mineral Corp. v. Fid. and Cas. Co. of New York, 2003 U.S. Dist. LEXIS 9940, 2003 WL 21360803 (N.D. Ala. June 6, 2003)("Fidelity's status as a cross-claim defendant did not change magically at the moment of the dismissal of the original action. No metamorphosis took place to make the ugly non-removable caterpillar into a beautiful removable butterfly."); Sanford v. Premier Millwork & Lumber Co., 234 F.Supp.2d 569, 571 (E.D. Va. 2002) ("[ T] he majority rule, and ... better view, is that third-party defendants are not the true defendants in the first instance and are not, therefore, entitled to remove under § 1441(a)."); 14C Wright, Miller & Cooper, Federal Practice & Procedure § 3731 (Third-party defendants brought into state action by the original defendant cannot exercise the right of removal).

Courts embracing the majority view have reasoned that it is an unwarranted extension of the federal judicial power to allow a third party defendant, who is unconnected to the original action, to bring into a federal court, a suit between the original parties which has no independent basis for federal jurisdiction. BJB Co. v. Comp Air Leroi, 148 F.Supp.2d 751, 753 (N.D. Tex. 2001). Courts have further reasoned that the Supreme Court has interpreted the word "defendant" in § 1441 narrowly, to exclude related parties such as counter-defendants, and has admonished that the removal statute is to be construed narrowly due to federalism concerns. Curry, 301 F.3d at 462 (*citing* Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). The Eleventh Circuit has not directly addressed this issue of third party removals; however, based upon the well-reasoned majority view, the undersigned finds that third party defendants, such as Cincinnati, are not entitled to exercise the right of removal.

MOWA, 649 F.Supp.2d at 1329.[4]  The Eleventh Circuit has not addressed this issue and there exists no basis to diverge from the well-reasoned majority view that a third party defendant is not entitled to remove an action from State court.[5]

---

[4] *See also* Firestone Financial Corp. v. Syal, 327 F.Supp.2d 809, 812 n. 3 (N.D. Ohio 2004)("Given the permissive nature of third-party claims, it is worth noting that courts have consistently held that removal is not proper solely on the basis of permissive counterclaims exceeding the jurisdictional amount."), *citing* Independent Machine Co. v. International Tray (Continued)

A second issue essentially raised in this case involves removal pursuant to 28 U.S.C. § 1441(c), which provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). The Crounse defendants do not specifically argue that their removal is based upon § 1441(c). Even if they did, such an argument would not prevail. First, to the extent they contend that removal is proper because they have established the existence of diversity jurisdiction within the meaning of 28 U.S.C. § 1332, this Court has specifically concluded that, "[u]nder the current version of § 1441(c), a separate and independent claim can justify removal only if that claim is within the jurisdiction

---

Pads & Packaging, Inc., 991 F.Supp. 687, 691 (D. N.J. 1998); 14B Wright & Miller , Federal Practice and Procedure § 3706.  *See also,* Byrne-Egan v. Empire Express, Inc., 2011 WL 6749821,  2 (D. Md. Dec. 22, 2011)("Allowing a third-party counterclaim to serve as the basis for diversity jurisdiction, however, and then rely on supplemental jurisdiction to exercise jurisdiction over the original claim that is jurisdictionally insufficient would be an improper extension of removal under § 1441 and supplemental jurisdiction under § 1367.").

[5] This Court has also addressed the contention that, pursuant to the principals espoused in Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury, 622 F.2d 133, 134-135 (5th Cir. 1980), third party defendants may remove an action based on diversity jurisdiction "where a separate and independent controversy is stated."  This Court held that Carl Heck is no value when removal is based on diversity jurisdiction because, following that decision, 28 U.S.C. § 1441(c) was amended and ""[u]nder the current version of § 1441(c), a separate and independent claim can justify removal only if that claim is within the jurisdiction conferred by ... § 1331, i.e. federal question jurisdiction." MOWA, 649 F.Supp2d at 1330

conferred by ... § 1331, i.e. federal question jurisdiction," and not if it is based on diversity jurisdiction.[6] MOWA, 649 F.Supp2d at 1330.

Second, to the extent the Crounse defendants intimate that the current version of § 1441(c) permits removal simply because "the claim against the M/V Ginger Moller is *in rem* and may only be asserted in a federal court" (doc. 12 at 2), such contention is without merit. The exclusivity of federal court jurisdiction may constitute meritorious grounds for dismissal of the third party claims asserted against the M/V Ginger Moller but they do not constitute authority to remove the claims to this Court. As the Court succinctly concluded in Southern Timber Co. v. Ellis, 2008 WL 2987198, *12 (N.D. Ga. Aug. 1, 2008):

> [W]here a third-party complaint seeks indemnity based on a claim that the third-party defendant caused plaintiff's injuries, ***there is no separate and independent claim***. On the other hand, where the third party complaint seeks indemnity based on a separate obligation owed to the defendant (such as a contractual indemnity obligation), there is a separate and independent claim.

2008 WL 2987198 at *12 (emphasis added), *quoting* In re Wilson Industries, Inc., 886 F.2d 93, 96 (5th Cir. 1989). As applied to the present case, there is no separate and independent claim on which to predicate removal because the liability of the Crounse defendants is premised on an allegation that defendants' negligence was the cause of

---

[6] This Court rejected the contention that a third party may remove an action based on diversity jurisdiction based upon the Fifth Circuit decision in Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury, 622 F.2d 133, 134-135 (5th Cir. 1980). This Court concluded that Heck was of no value because § 1441(c) was subsequently amended to restrict its application to federal question claims that were "separate and independent." MOWA, 649 F.Supp.2d at 1330.

Plaintiff Tyson's injuries rather than the conduct of Miller and Ogelsby. Therefore, as was true in Southern Timber, this case was improperly removed to the extent the Crounse defendants rely on § 1441(c). *See also*, Poche v. Texas Air Corps, Inc., 549 F.3d 999, 1004 (5th Cir. 2008)("When an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or counterclaim. Similarly, the defendant's third-party claim alleging a federal question does not come within the purview of § 1441 removability."), *quoting* Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 326-28 (footnotes and internal quotation marks omitted).

The Crounse defendants further argue that the savings to suitors clause of 28 U.S.C. § 1333 "does not prevent removal of this case." (Doc. 16 at 9). Defendants acknowledge that in certain circumstances, "the savings-clause will honor plaintiff's forum choice." *Id*., *citing* Hufnagel v. Omega Service Industries, Inc., 182 F.3d 340, 348 n. 4 (5th Cir. 1996)(Admiralty actions brought in state court under the savings to suitors clause are not removable on the basis of admiralty jurisdiction alone.) However, defendants then argue that their removal was nonetheless permissible for two reasons. Defendants first contend that removal was proper because "another basis of jurisdiction is present." (Doc. 16 at 10). According to the defendants, the alternate basis for jurisdiction is "diversity jurisdiction and exclusive [*in rem*] jurisdiction." (*Id.*) For the

10

reasons set forth above, defendants as third parties cannot remove the case on those bases.

Finally, Defendants contend that, "even if the Court concludes this matter was improperly removed, Miller and Ogelsby have waived the opportunity to challenge this or any other procedural defect by filing an untimely motion to remand." (*Id*.). Crounse argues, in sum, that Miller and Ogelsby's motion was filed seven days beyond the statutory proscribed deadline which effected a waiver of the procedural defects on which their motion to remand is predicated.  Crounse acknowledges that this Court granted Miller and Ogelsby leave to file their motion to remain by December 30, 2012, but essentially argues that this Court was without authority to extend the deadline imposed by § 1447(c).  Contrary to Crounse's position, this Court indeed had the authority to extend the time within which Miller and Ogelsby could file their motion to remand, particularly when the motion for more time was filed prior to the expiration of the deadline.  Unlike United States v. Easement and Right of Way, 386 F.2d 769, 771 (6th Cir. 1967), the motion to remand deadline is **not** "part of [a] statute creating the cause of action and establishing jurisdiction in this Court [so that] the time limitation operates as a jurisdictional condition as distinguished from a ***procedural*** limitation."  386 F.3d at 771 (emphasis added).  Section 1447 of Title 28 establishes a "Procedure after removal generally" and does not itself create a "cause of action."  Consequently, "[b]ecause the request for an extension was filed by Miller and Oglesby prior to the expiration of the § 1446(a) deadline in this case, the Court is permitted under Rule 6(b) of the Federal Rules of Civil Procedure to grant the requested extension."  (Doc. 12 at 3).  *Cf*., Papadopoulos

v. Mylonas, 2011 WL 4001037 (E.D. Pa. Sept. 6, 2011)("Since Plaintiff did not request an extension of time to file the remand motion during the 30–day period after removal, the Court may only extend the time upon a showing of excusable neglect pursuant to Rule 6(b)(1)(B)."); Morin v. Target Corp., 2009 WL 2704092 (N.D. Ill., Aug. 25, 2009) ("Notably, neither Plaintiff's briefs nor the Court's own research has revealed any prior instance in which a court has granted a Rule 6(b)(1)(B) motion after a party missed a deadline to remand. A similar motion was rejected after being filed one day late.").

## CONCLUSION

For the reasons stated above, it is recommended that the motion to remand (docs. 13-14) filed by Jack Miller and George Oglesby, defendants and third party plaintiffs herein, be **GRANTED** and that this action be remanded to the Circuit Court of Choctaw County, Alabama.  The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this  8th  day of May, 2012.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

Objection. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days [7] after being served with a copy of the recommendation, unless a different time is established by order." The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party=s arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this  8th  day of May, 2012.

       /s/ Katherine P. Nelson
       UNITED STATES MAGISTRATE JUDGE

---

[7] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

13